[No. 17836.   Department Two.   September 17, 1923.]

W. C. FUDGE, *Respondent,* v. IRA LOUIS BROWN *et al.,*
*Appellants.*[1]

FRAUDULENT CONVEYANCES (14)—SALES IN BULK—WHAT CON-
STITUTES.  A sale of only a portion of a stock of goods and merchan-
dise without complying with the sales in bulk act, Rem. Comp. Stat.,
§ 5835, is not fraudulent as to creditors.

Appeal from a judgment of the superior court for
Yakima county, Nichoson, J., entered November 10,
1922, upon the verdict of a jury rendered in favor of
the plaintiff, in an action by a trustee in bankruptcy to
recover the value of goods sold in violation of the sales
in bulk act.   Reversed.

*J. Lenox Ward,* for appellants.

*E. K. Brown, Roberts & Roberts,* and *Dolph Barnett,*
for respondent.

PEMBERTON, J.—On or about September 6, 1921, re-
spondent instituted this action against appellants for
the recovery of $2,366.91.

Sam Kofman, in the year 1920, opened a small retail
store in Ellensburg, Washington, and continued to con-
duct the store up until October 8, 1921, at which time it
was discovered that he had abandoned the same.  An
inventory was taken and the fixtures and merchandise
found to be in the value of about $3,500.  Mrs. Kofman
filed a petition in bankruptcy on behalf of herself and
husband, from which petition it appeared that the in-
debtedness was in excess of $41,000 and the personal
assets consisted alone of the personal property of the
store.  On September 6, 1921, appellant, residing at
Yakima, Washington, purchased of Mr. Kofman goods,

[1]Reported in 218 Pac. 251.

including shoes, rubbers, etc., for which he paid the sum of $1,090.60, and on September 21 purchased another lot of goods for $487.34, paying cash therefor. These goods were moved immediately to the store of appellant in Yakima.

There is some controversy over the amount of stock owned by Kofman at that time, respondent contending that it amounted to but $6,000, and appellant contending that it amounted to about $20,000.

W. C. Fudge was appointed trustee in bankruptcy, and as such instituted this action against appellant on the theory that the sale to appellant by Kofman was a sale in bulk, prohibited by § 5835 of Rem. Comp. Stat. [P. C. § 7751], which reads in part as follows:

"Any sale or transfer of a stock of goods, wares or merchandise, or all or substantially all, of the fixtures and equipment used in and about the business of the vendor, out of the usual or ordinary course of business or trade of the vendor, or whenever substantially the entire business or trade theretofore conducted by the vendor, shall be sold or conveyed or whenever an interest in or to the business or trade of the vendor is sold or conveyed, or attempted to be sold or conveyed, shall be deemed a sale and transfer in bulk in contemplation of this act."

The case was tried before a jury and a verdict rendered in the amount of $2,366.91. This amount was reduced by the court to $1,577.94 and judgment entered therefor, from which judgment this appeal is taken.

It is admitted that a portion only of the stock of goods owned by Kofman was sold to appellant and not substantially the entire business or trade. In the case of *Blanchard Co. v. Ward*, 124 Wash. 204, 213 Pac. 929, decided by this court since the trial in this case, we held:

"Our statute prohibits, without complying with the formalities provided therefor, the sale or transfer of a

stock of goods, wares and merchandise, or substantially the entire business or trade theretofore conducted by the vendor, or an interest in or to the business or trade of the vendor. It does not prohibit the sale of a portion of the stock; nor can we extend it by construction to so intend. We held in *McAvoy v. Jennings,* 44 Wash. 79, 87 Pac. 53:

" 'The object of that law (the bulk sales act) was to prevent the vendor, generally a retail merchant, from escaping his responsibilities to his creditors by disposing of all his stock, pocketing the proceeds, and leaving his creditors without redress.'

"Similar decisions from other jurisdictions are: *Fiske Rubber Co. v. Hays Motor Car Co.,* 131 Ark. 248, 199 S. W. 96; *Armfield v. Saleeby,* 178 N. C. 298, 100 S. E. 611; *Carpenter v. Karnow,* 193 Fed. 762 (involving the Massachusetts bulk sales law)."

The sale to appellant being only a portion of the stock owned by Mr. Kofman was not governed by the sales in bulk act.

The judgment is reversed and the action dismissed.

MAIN, C. J., FULLERTON, TOLMAN, and PARKER, JJ., concur.